HAMITER, Justice
(dissenting).
Even assuming the unconstitutionality of the questioned provision of Section 6 of Act No. 428 of 1938, I am of the opinion that Salvador Gambino was not a forced heir of Vincenzo Gambino (his uncle, his adoptive parent at one time, and the decedent).
Article 4, Section 16 of the Louisiana Constitution (as amended), of course, declares that “ * * * children lawfully adopted shall have the same rights in the successions of the persons adopting them, as children who are forced heirs * * However, the receiving of such rights is conditioned on the demise of the adopter, for the provision refers to “successions” and, also, it is elementary that the right to inherit is determined only at the instant of death. Too, necessarily, such provision presupposes the existence of the adoption relationship on the occurrence of the death.
Here, Salvador was not the adopted child of Vincenzo when the latter died, the previously existing adoption relationship between those two having come to an end on the child’s readoption by his blood parents. And this readoption, clothed with all of the formalities and requirements of law which included judicial approval, effectively rescinded and nullified the previous adoption and terminated all attendant rights, duties and obligations. This conclusion is obviously correct when it is considered that adoption, according to our settled jurisprudence as pointed out in the majority opinion, is merely a creature of statute and is only what the law makes it and, further, that there has been no statutory provision enacted purporting to continue the effects of adoption following a dissolution or termination of that status, such as was done respecting a continuation of heirship as to blood parents in LSA-Civil Code Article 214,4 which, in recognition of the mentioned jurisprudence, states *689 that “The adopted and his lawful issue shall continue to be heirs of the blood parents of the adopted as if there had been no adoption.”
For these reasons I respectfully dissent,